# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON PURCELL, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-1834** |
| **TULANE UNIVERSITY OF LOUISIANA, ET AL** | **SECTION: "H"(3)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendants the Administrators of the Tulane Educational Fund ("Tulane"), Curtis Johnson, Doug Lichtenberger, Wayne Cordova, Barbara Burke, Rick Dickson, Ruben Dupree, Wendy Stark, Erica Woodley, Anne Banos, Byron Ellis, Rob Philips, and Adam Hymel (Doc. 112). The Motion has been joined in by Defendants Andrew Dirocco, Trevor Simms, and Michael Lizanich (Docs. 115, 119, and 122). In addition, Defendant Peter Picerelli has filed a Motion to Dismiss the claims against him (Doc. 116). For the following reasons, the initial Motion to Dismiss is GRANTED IN PART, and Picerelli's Motion to Dismiss is GRANTED.

1

# BACKGROUND

This lawsuit arises out of the circumstances surrounding Plaintiff Brandon Purcell's departure from the Tulane University football team. Purcell enrolled at Tulane in the fall of 2013 and walked on to the football team as a kicker. He alleges that he suffers from a learning disability necessitating certain academic accommodations, including double time to take tests, a sound-reduced environment, and a note taker. He states that due to his disability, he has better concentration in the morning. Accordingly, Defendant Ruben Dupree, the athletics academic advisor, approved him for 8:00 a.m. classes. This approval represented a departure from the general rule that Tulane football players should not take morning classes in light of their training schedule.

In the spring of 2015, Purcell was taking 8:00 a.m. classes five days a week. Nevertheless, he was scheduled for a training session from 7:00 a.m. to 8:30 a.m. He states that he would attend the initial portion of the workout, leave for his 8:00 a.m. classes and return to work with his coach after class to complete the missed portion of the workout. On March 4, 2015, Purcell avers that he was called into the office of special teams coach Doug Lichtenberger and was dismissed from the football team. He alleges that Coach Lichtenberger told Purcell that he was a "hindrance" and a "bad example for the team." Purcell then contacted Athletic Director Rick Dickson and Tulane Head Football Coach Curtis Johnson complaining of discrimination, hostile learning environment, retaliation, and intentional infliction of emotional distress. He alleges that Lichtenberger improperly used Purcell as an example of bad behavior, inciting other members of the football team to harass him and causing emotional distress.

Later in March of 2015, Brandon Purcell met with Assistant Athletic Director Barbara Burke, who indicated that he had been removed from the team because there were too many kickers. Plaintiffs contend that this reason is pretextual, as they allege that he outperformed other kickers who remained on the team. Plaintiffs later met with Tulane Athletic Director Rick Dickson, demanding an explanation for Purcell's removal from the team. Dickson declined to intervene in the matter. Plaintiffs then met with Head Football Coach Curtis Johnson, Coach Rob Phillips, Coach Byron Ellis, and Coach Wayne Cordova to discuss the matter. Plaintiffs allege that they continued to conspire to assert pretextual reasons for his removal from the team.

After this meeting, Purcell was allowed to train with the team for the summer to potentially earn a walk-on spot for the following season. He alleges that he suffered increased abuse and retaliation upon returning to train. He also alleges that his former friends and teammates participated in the abuse, making both physical threats and anti-Semitic comments toward Purcell. Purcell then filed a Complaint with Wendy Stark of Tulane's Office of Institutional Equity. Due to the reported increased retaliation, Stark began an independent investigation of the situation. He alleges that Stark failed to maintain confidentiality and participated in the conspiracy and cover up of the disability discrimination, hostile learning environment, retaliation, defamation, and intentional infliction of mental distress.

In the summer of 2015, Purcell alleges that his former friends and teammates Peter Picerelli, Michael Lizanich, Andrew Dirocco, and Trevor Simms engaged in a pattern of verbal abuse and threats inspired by Coach Lichtenberger. In response to these comments, Purcell met with Associate Athletic Director Sue Bower on August 14, 2015 and relayed his concerns to

her. The following day, he alleges that Coach Johnson yelled at him during practice for speaking to Bower.

Plaintiffs allege that later in August, Purcell sustained a hip injury. He alleges that due to a miscommunication, he missed one of his two assigned treatment sessions for the injury. Despite this injury, he avers that Coach Lichtenberger forced him to remain in a push-up positions as punishment for missing treatment, further aggravating his injury. He alleges that strength coach Adam Hymel also participated in this harassment, calling Purcell a "pussy." Ultimately, Purcell alleges that he was forced to continue kicking in practice, further aggravating his injury.

On August 18, 2015, Purcell alleges that he was pulled aside by Lichtenberger, who demanded to know the names of the other players who were engaging in harassment. Though Purcell initially stated that he did not want to name names, he ultimately named Steve Logan, Zachary Block, Peter Picerelli, Michael Lizanich, Andrew Dirocco, and Trevor Simms. He was then directed to Coach Johnson's office. Johnson then called in the above players and admonished them for their conduct directed at Purcell. Purcell avers that this only placed a bigger target on his back. The Tulane University Police Department subsequently investigated several of these students. He avers that the pattern of harassment nevertheless continued unabated, causing Purcell to fear for his life.

On August 25, 2015, Purcell was called to Coach Johnson's office and was told that he was being removed from the team due to his injury. Purcell avers that this reason is pretextual. In September 2015, Purcell met with Erica Woodley, Wendy Stark, and Vice President of Administrative Affairs Anne Banos. Nothing was done following this meeting. Subsequently, after

4

speaking with Dean of Students James Maclaren, Purcell decided that it was best for his safety that he enroll in study abroad for the Spring 2016 semester.

As a result of this course of events, Purcell alleges that he has become depressed, missed classes, suffered academically, gained significant weight, sought physiological therapy, and left his family and friends for a study abroad program. He brings claims under the Americans with Disabilities Act, the Rehabilitation Act, and Louisiana state law against Tulane University, Curtis Johnson, Doug Lichtenberger, Byron Ellis, Wayne Cordova, Rob Philips, Barbara Burke, Rick Dickson, Ruben Dupre, Wendy Stark, Erica Woodley, Anne Banos, Andrew Dirocco, Trevor Simms, Michael Lizanich, and Peter Picerelli. His parents, Ralph Purcell and Gail Purcell, also bring claims against these same defendants for loss of consortium.

On May 17, 2016, the Defendants filed a Motion to Dismiss many of Plaintiffs' claims. This Court granted the motion in part, dismissing some claims with prejudice and others without prejudice, and gave Plaintiffs leave to amend. On December 1, 2016, Plaintiffs amended their complaint, filing a Second Supplemental and Amended Complaint ("Amended Complaint"). The instant Motion to Dismiss resulted. The Court will consider each of Defendants' arguments for dismissal in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

5

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

## LAW AND ANALYSIS

Defendants have moved to dismiss various claims asserted in Plaintiffs' Amended Complaint. This Court will address each argument in turn.

### I. Claims Dismissed With Prejudice

First, Defendants complain that Plaintiffs' Amended Complaint attempts to re assert claims that this Court previously dismissed with prejudice. Plaintiffs, however, dispute this and assert that they did not intend to bring claims that had previously been dismissed with prejudice. Therefore, there is no dispute that Plaintiffs' claims under the Americans with Disabilities, the Rehabilitation Act, and Louisiana Revised Statutes § 46:2254 against individual defendants remain dismissed. In addition, Plaintiffs' loss of consortium claims under these laws likewise remain dismissed. Only Plaintiffs' claims against Tulane under these laws survives.

---

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.

6

## II. Claims under Louisiana Civil Code article 2315

Next, Defendants move to dismiss Plaintiffs' state law claims against them. Plaintiffs generally allege that all Defendants are liable under Louisiana Civil Code article 2315 for negligence, defamation, and intentional infliction of emotional distress. Plaintiffs Gail and Ralph Purcell bring related loss of consortium claims. The court will address each of the tort allegations in turn.

### A. Defamation

Defendants seek dismissal of Plaintiffs' defamation claims. Under Louisiana law,

> [f]our elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) [a] resulting injury. The fault requirement is generally referred to in the jurisprudence as malice, actual or implied.[8]

"[A] statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, [or] deter others from associating or dealing with the person . . . ."[9] "[A]ny communication to a third party, absent a privilege, absolute or qualified, is considered a publication."[10] "A pure statement of opinion usually is not actionable in defamation because falsity is an indispensable element of any defamation claim, and a purely subjective statement can be neither true nor false."[11]

---

[8] *Lorenzo v. State Farm Mut. Auto. Ins. Co.*, 983 F. Supp. 2d 852, 856 (E.D. La. 2013).
[9] *Kennedy v. Sheriff of E. Baton Rouge,* 935 So. 2d 669, 674 (La. 2006).
[10] *Carlisle v. Sotirin*, No. 04-1549, 2005 WL 78938, at *5 (E.D. La. Jan. 11, 2005) (quoting *Costello v. Hardy*, 864 So.2d 129, 142 (La. 2004)).
[11] *Sanders v. Dillard Univ.*, No. 14-845, 2014 WL 7342440, at *8 (E.D. La. Dec. 23, 2014).

7

Plaintiffs allege that statements by Coach Lichtenberger, Coach Ellis, Coach Hymel, and his former teammates were defamatory. The Court will address each Defendant separately.

   *1. Lichtenberger*

This Court initially dismissed Plaintiffs' defamation claim against Defendant Lichtenberger because the allegations of defamation amounted to nothing more than Lichtenberger's subjective opinion regarding Purcell's performance and work ethic on the team. While Plaintiffs amended their Complaint, it does not appear that they made any substantive changes to the factual allegations involving Coach Lichtenberger. Plaintiffs continue to allege that Lichtenberger defamed Purcell by using him as an example of a poor player, telling his teammates that he did not put in as much work as other players, and telling them that he thought Purcell was the worst kicker on the team. They also allege that Lichtenberger stated that he did not believe that Purcell was disabled and that he required proof. These statements are Lichtenberger's subjective opinions and beliefs and are not defamatory. "[An] opinion may be ostensibly in the form of a factual statement if it is clear from the context that the speaker did not intend to assert another objective fact but only his personal comment on the facts which he had stated."[12] Accordingly, Plaintiffs' defamation claim against Lichtenberger is dismissed with prejudice.

   *2. Ellis*

This Court previously dismissed Plaintiffs' defamation claims against Ellis, stating that Plaintiffs had failed to plead facts suggesting that Ellis had the requisite degree of fault for defamation. Specifically, Plaintiffs allege that Coach Ellis defamed Purcell when he told other players on the team that Purcell had emailed the police to investigate them. Plaintiffs had not, however,

---

[12] *Cooksey v. Stewart*, 938 So. 2d 1206, 1212 (La. App. 2 Cir. 2006).

8

alleged that Ellis knew that his statement was false. Plaintiffs' Amended Complaint adds the allegation that Ellis was aware that it was not Purcell who had contacted the police because he was present when they were contacted by a third party.

Defendants argue that this allegation should still be dismissed, however, because it is clear from the Amended Complaint that Purcell was the source of the initial complaint regarding the harassment of his teammates. In addition, Defendants allege that Plaintiffs' allegations against Ellis amount to an unverified chain of conclusory allegations. This Court disagrees. Plaintiffs have made specific allegations that Ellis spread a rumor that Purcell emailed the police to investigate his teammates when he knew that such was false. Plaintiffs' allegations must be accepted as true at this stage, and therefore they have adequately plead a claim of defamation against Ellis.

### 3. Hymel

Plaintiffs allege that Coach Hymel defamed Purcell when he called him a "pussy." This Court previously ruled that such a statement, while vulgar and unprofessional, does not amount to defamation. Plaintiffs persist in this allegation of defamation and also add that Hymel threatened to make Purcell's "life a living hell." Even this additional threat, however, does not constitute a claim of defamation. Neither statement constitutes a false, factual statement regarding Purcell. Accordingly, Plaintiffs' allegations of defamation against Hymel must be dismissed with prejudice.

### 4. Teammates

Plaintiffs allege that Purcell's former teammates, Dirocco, Lizanich, Picerelli, and Simms engaged in defamatory conduct against him (1) by participating in a conversation whereby they stated that they would aim at Purcell if they took him hunting and (2) by mocking and bullying Purcell,

9

especially for being Jewish. This Court previously dismissed Plaintiffs' defamation claim against Dirocco based on these exact facts, stating that Plaintiffs had not pointed to any false assertion of fact made by Dirocco about Purcell.

In their Amended Complaint, Plaintiffs persist in their defamation claim against Dirocco and Purcell's other teammates based on these identical facts. These facts still fail to rise to the level of defamation. "[E]pithets, insults, name-calling, profanity and hyperbole may be hurtful to the listener and are to be discouraged, but such comments are not actionable, and . . . courts are required to differentiate between defamatory statements and obscenities, vulgarities, insults, epithets, name-calling, and other verbal abuse."[13]

Plaintiffs also complain that Lizanich, Picerelli, and Simms spread false rumors about Purcell, namely that he had faked an injury and that he was trying to get the other players kicked off of the team. Plaintiffs have not, however, alleged that Defendants knew these statements to be false. In order to succeed on a claim of defamation, the plaintiff must show that the defendant knew the statement to be false, acted in reckless disregard of these matters, or acted negligently in failing to ascertain them.[14] Plaintiffs have not alleged any facts to suggest that Defendants knew that their statements were false. Accordingly, Plaintiffs' defamation claims against Dirocco, Lizanich, Picerellli, and Simms are dismissed with prejudice.

**B. Intentional Infliction of Emotional Distress**

Defendants next seek dismissal of Plaintiffs' Intentional Infliction of Emotional Distress claims. This Court previously dismissed these claims without prejudice, and Plaintiffs have reasserted them in their Amended

---

[13] RODNEY SMOLLA, LAW OF DEFAMATION § 4.7 (2d ed.).
[14] *Hakim v. O'Donnell*, 144 So. 3d 1179, 1187 (La. App. 2 Cir. 2014) (citing *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669 (La. 2006)).

Complaint. Plaintiffs allege intentional infliction of emotional distress by both the Tulane coaching staff and his former teammates.

Under Louisiana law,

> in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.[15]

A plaintiff has a "heavy burden" in proving that the conduct at issue was sufficiently outrageous.[16] The conduct at issue "must be intended or calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry."[17] "There is no occasion for the law to intervene in every case where some one's feelings are hurt."[18] "The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind."[19] Defendants argue that Plaintiffs have again failed to meet the burden of proving that their conduct was sufficiently outrageous.

---

[15] *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991).
[16] *Boquet v. Belanger*, No. 14-2228, 2015 WL 1650255, at *6 (E.D. La. Apr. 14, 2015).
[17] *Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017 (La. 2000).
[18] Restatement (Second) of Torts § 46 (1965).
[19] *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 514 (5th Cir. 1994).

*1. Tulane Coaching Staff*

In their original Complaint, Plaintiffs alleged that the behavior of the Tulane coaching staff, particularly Coach Lichtenberger, was extreme and outrageous conduct intended to inflict severe emotional distress, and that Purcell did indeed suffer severe emotional distress. Plaintiffs alleged that Lichtenberger did not believe that Purcell was disabled, required him to prove his disability, disregarded his accommodation, kicked him off the football team, and taunted him. Plaintiffs further alleged that Lichtenberger's actions prompted the other players to become abusive toward Purcell. They also alleged that the other members of the coaching staff joined in harassing him, yelling at him, and calling him names. This Court dismissed Plaintiffs' intentional infliction of emotional distress claims based on these facts, stating that Plaintiffs had not described conduct that was so outrageous as to constitute a claim for intentional infliction of emotional distress.

Here again, Plaintiffs have reasserted their claim of intentional infliction of emotional distress against the Tulane coaching staff without adding any additional facts upon which to support such a claim. Instead, they argue that these facts are sufficient to support a claim of defamation because the coaching staff was in a position of power over Purcell. Plaintiffs cite to *Walters v. Rubicon, Inc.*, 706 So. 2d 503, 506 (La. App. 1 Cir. 1997), for the proposition that "conduct which is otherwise inactionable can become actionable as 'extreme and outrageous' when the offender is in a position of power and authority over the plaintiff." The facts of *Walters*, however, are distinguishable from those presented here. *Walters* discussed an employee-supervisor relationship and noted that the consideration of power in the employment context is particularly important because of the "notion that the same conduct may be privileged under other employment circumstances so that disciplinary

action and conflict in a pressure-packed workplace environment, although calculated to cause some degree of mental anguish, is not ordinarily actionable."[20] Such employment characteristics do not come into play here. Even considering the power differential between Lichtenberger and Purcell, however, the allegations still do not rise to the level of intentional infliction of emotional distress. Louisiana courts have declined to impose liability for intentional infliction of emotional distress in cases more extreme than the situation presented here, even those in the employment context.[21] Accordingly, all claims of intentional infliction of emotional distress against the Tulane coaching staff, namely Lichtenberger, Johnson, Philips, Hymel, Ellis, and Cordova are dismissed with prejudice.

    *2. Teammates*

In their original Complaint, Plaintiffs brought a claim of intentional infliction of emotional distress against Purcell's former teammates, Defendants Andrew Dirocco, Trevor Simms, Michael Lizanich, and Peter Picerelli. Only Dirocco moved for dismissal of the claims against him, and this Court dismissed that claim without prejudice. In their Amended Complaint, Plaintiffs reassert those allegations. Dirroco, Simms, Lizanich and Picerelli have all moved for dismissal of these claims.

---

[20] *Walters v. Rubicon, Inc.,* 706 So. 2d 503, 506 (La. App. 1 Cir. 1997).
[21] *See Stewart v. Parish of Jefferson*, 668 So. 2d 1292 (La. App. 5 Cir. 1996), (holding that intentional infliction of emotional distress was not shown, even though a supervisor maintained two-year's harassment in which he questioned the worker's personal life, increased the workload, and pressured the employee to accept a demotion which ultimately led to the employee's termination); *Beaudoin v. Hartford Acc. & Indem. Co.*, 594 So.2d 1049 (La. App. 3 Cir.) (holding that even if the employee felt singled out for abuse, a supervisor's eight-month undertaking in which he shouted at an employee, cursed her, called her names (dumb, stupid, and fat), commented about the inferiority of women, and falsely accused her of making mistakes did not constitute extreme and outrageous conduct); *Deus v. Allstate Ins. Co.*, 15 F.3d 506 (5th Cir. 1994) (holding that employer may call upon an employee to do more than others, use special review on particular employees and not others to downgrade performance, institute long term plan to move younger persons into sales and management positions without engaging in extreme and outrageous conduct).

Plaintiffs' intentional infliction of emotional distress claims against his former teammates are based on two complaints: First, they argue that the teammates made "threats about guns regarding Brandon Purcell." Specifically, the Amended Complaint alleges that "[o]n one occasion, Peter Picerelli asked [Purcell], 'Do you want to go hunting with us.' In response, Lizanich said 'we will aim at you' and Dirocco confirmed with a 'yeah.'" Second, Plaintiffs argue that the teammates were members of a text message group called "Purcell Haters" in which they harassed and bullied Purcell, especially about his Jewish faith. Plaintiffs argue that the teammates harassed Purcell both online and in person, spreading rumors about him and mocking his faith. Plaintiffs argue that Purcell feared for his life and developed depression as a result of these incidents.

These allegations are the same as those brought in the original complaint. This Court has already held that such allegations are insufficient to establish a claim for intentional infliction of emotional distress. Like the allegations against the Tulane coaching staff, this behavior, though insensitive, is insufficiently outrageous to give rise to a claim for intentional infliction of emotional distress. The conversation regarding hunting is the only direct allegation of the complaint that could plausibly be construed as a threat against Purcell. Even looking at this conversation in the light most favorable to the Plaintiffs, the Court concludes that such an isolated comment, particularly among former football teammates, is insufficient to give rise to a cause of action for intentional infliction of emotional distress.[22] With regard to the comments regarding Purcell's Jewish faith, these comments are just the type of "insults, indignities, threats, annoyances, petty oppressions, or other

---

[22] *King v. Bryant*, 822 So. 2d 214, 217 (La. App. 3 Cir. 2002), ("[T]his state's jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time.").

14

trivialities" that the Louisiana Supreme Court has cautioned do not rise to an actionable level.[23] Accordingly, Plaintiffs' claims against Dirroco, Simms, Lizanich and Picerelli for intentional infliction of emotional distress are dismissed with prejudice.

### C. Negligence

In their original Complaint, Plaintiffs broadly asserted that "[a]s a result of the negligence of defendants, Brandon Purcell suffered both physical and mental injuries and his parents suffered loss of consortium." This Court held that Plaintiffs could not succeed on their negligence claims because they had not alleged that a duty was owed by any Defendant or that any breach of any such duty occurred. This Court noted that all of the facts described in the Complaint are alleged as intentional, not negligent, acts. Plaintiffs were given leave to amend their Complaint to adequately allege negligence claims.

Defendants argue that Plaintiffs' Amended Complaint still fails to state a claim for negligence. Specifically, they contend that Plaintiffs have failed to allege any duty that the Defendant Tulane employees owed to Purcell outside of their roles as Tulane employees. "[P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[24] Plaintiffs have not alleged any personal duty owed by the Defendant Tulane employees to Purcell. Accordingly, Plaintiffs have failed to state a claim of negligence against the Defendant Tulane employees.

---

[23] *White*, 585 So.2d at 1209.
[24] Walker v. Schwegmann Giant Supermarkets, Inc., 95-1934 (La. App. 4 Cir. 3/14/96), 671 So. 2d 983, 986–87

In addition, Plaintiffs have failed to allege sufficient facts to assert claims of negligence against the remaining defendants, Dirocco, Simms, Lizanich, and Picerelli. In their Amended Complaint, Plaintiffs have subsisted in their allegations of intentional acts. Indeed, they have in most cases simply inserted the word "negligently" at random attempting to morph intentional acts into negligent ones. One cannot, for instance, "negligently engage[] in threatening, harassing and bullying,"[25] "negligently threaten,"[26] or "negligently spread rumors."[27] Plaintiffs' allegations are intentional acts that are not actionable under a negligence theory. Accordingly, their negligence claims against all Defendants are dismissed with prejudice.

### III. Official and Individual Capacities

Defendants next argue that all of the claims against Tulane's employees in their official capacities should be dismissed as duplicative of the claims against Tulane. At the outset, this Court is perplexed by Plaintiffs' inclusion of claims against the Tulane employees in their "official capacity." Tulane is not a public entity and thus there is no prohibition, as clearly evidenced by this case, in bringing suit against it directly.[28] Thus, the utility, and even the feasibility, of bringing a suit against Tulane's employees in their "official capacity" is lost on this Court. Accordingly to the extent that these claims are even cognizable under the law, they are certainly duplicative of Plaintiffs'

---

[25] Doc. 103, p. 58.
[26] Doc. 103, p. 61; see also p. 58, 63.
[27] Doc. 103, p. 62.
[28] "No one would seriously contend, however, that Tulane, a private university, is immune from suit under the Eleventh Amendment." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

claims against Tulane.[29] Plaintiffs' claims against Tulane's employees in their "official capacities" are therefore dismissed with prejudice.

### IV. Loss of Consortium Claims

This Court has already stated that because loss of consortium is a "secondary layer of tort liability and derivative from the injury to the primary victim," the dismissal of any underlying tort claim must result in the dismissal of the related loss of consortium claims.[30] Accordingly, all of Plaintiffs' loss of consortium claims are dismissed with prejudice, save one against Ellis in connection with Plaintiffs' defamation claim.

## CONCLUSION

For the forgoing reasons, the Defendants' Motion to Dismiss is GRANTED IN PART, and Defendant Picerelli's Motion to Dismiss is GRANTED.

Plaintiffs' defamation claims, negligence claims, and intentional infliction of emotional distress claims, save their claim for defamation against Defendant Byron Ellis are DISMISSED WITH PREJUDICE.

Defendants Curtis Johnson, Doug Lichtenberger, Wayne Cordova, Barbara Burke, Rick Dickson, Ruben Dupree, Wendy Stark, Erica Woodley, Anne Banos, Rob Philips, and Adam Hymel Andrew Dirocco, Trevor Simms, Michael Lizanich, and Peter Picerelli are DISMISSED.

Plaintiffs' remaining claims are claims under the ADA, the Rehabilitation Act, and Louisiana Revised Statutes § 46:2254 against Tulane;

---

[29] *See Carpenter v. Mississippi Valley State Univ.*, 807 F. Supp. 2d 570, 581 (N.D. Miss. 2011) ("A suit against an employee in his or her official capacity is a suit against the entity of which the official is an agent.").

[30] *Brock v. Singleton*, 65 So. 3d 649, 657 (La. App. 5 Cir. 2011).

and a defamation and loss of consortium claim against Byron Ellis in his individual capacity.

New Orleans, Louisiana this 25th day of May, 2017.

*JANE TRICHE MILAZZO*
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**